UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PAULA BOLIN MERCER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-7 |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On June 4, 2010, United States Magistrate Judge Brian L. Owsley signed a Memorandum and Recommendation addressing Defendant's Motion for Summary Judgment (D.E. 14) and Plaintiff's Motion for Summary Judgment (D.E. 16.) The Memorandum and Recommendation recommends that Defendant's Motion be granted in part and denied in part, Plaintiff's motion for summary judgment be granted in part and denied in part, and the action be remanded. (D.E. 19.) On June 14, 2010, Plaintiff filed an objection to the Memorandum and Recommendation. (D.E. 20.)

Having reviewed the findings of fact and conclusions of law therein, as well as the pleadings on file and Plaintiff's objections, and having made a *de novo* disposition of those portions of the Magistrate Judge's recommended disposition to which objections were raised, see Koetting v. Thompson, 995 F.2d 37 (5th Cir. 1993); 28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b), the Court hereby adopts, as its own, the findings and conclusions of the Magistrate Judge, *except* for (1) the finding that "[a]t the time of the hearing, [Plaintiff] was not taking any prescription medications; only over-the-counter drugs," (2) the incomplete findings regarding the X-ray of Plaintiff's knee, (3) the conclusion that there is substantial evidence showing Plaintiff can sit down for six hours, and (4) the conclusion that there is substantial evidence showing that

Plaintiff can occasionally climb stairs or ramps, stoop, kneel and crouch.  These four issues are discussed below.

1. **This Court Does Not Adopt the Finding that Plaintiff was not Taking Prescription Medication at the Time of the ALJ Hearing.**

On October 14, 2008, Administrative Law Judge ("ALJ") Jonathan P. Blucher held a hearing regarding Plaintiff's disability claim.  (D.E. 19, p. 6.)  The Memorandum and Recommendation states that "[a]t the time of the hearing, [Plaintiff] was not taking any prescription medications; only over-the-counter drugs. Tr. 36." (D.E. 19, p. 9.)  Plaintiff objects to this finding as factual error because the transcript and reports from the ALJ hearing indicate that Plaintiff had been taking a pain reliever, Lortab, daily.  (D.E. 20, p. 2.)  The ALJ hearing record indicates that Plaintiff was in fact taking Lortab daily. Tr. 36, 271.  Thus, this Court does not adopt the Memorandum and Recommendation's factual finding that Plaintiff was not taking any prescription medication at the time of the ALJ hearing.

2. **This Court Does Not Adopt the Finding related to X-Ray Interpretation of Plaintiff's Knee.**

Plaintiff objects to the Memorandum and Recommendation's findings related to Dr. David D. Wilson's interpretation of an X-Ray of Plaintiff's knees as incomplete.  (D.E. 20, p. 2.)  The Memorandum and Recommendation states that, "Regarding [Plaintiff's] knees, he noted osteoarthritis and some bone demineralization."  (D.E. 19, p. 6.)  Dr. Wilson's complete findings from the X-ray went into much greater detail as to the medical problems with Plaintiff's right knee.  The report states: "Moderately advanced osteoarthritis mainly involving the lateral tibiofemoral joint compartment," "moderate osteoarthritis" of the patellofemoral joint space, and "[m]ild bone demineralization."  (D.E. 20, p. 2.)  Thus, the Court does not adopt the

Memorandum and Recommendation's finding that Dr. Wilson's simply "noted osteoarthritis and some bone demineralization" as incomplete.

   3. **There is Not Substantial Evidence Supporting the ALJ's Determination that Plaintiff Can Sit Down for Six Hours.**

Plaintiff objects to page 26 of the Memorandum and Recommendation where it finds that there is substantial evidence supporting the conclusion that Plaintiff can sit for six hours. (D.E. 20, p. 2.) Plaintiff argues that there is no direct medical evidence as to how long Plaintiff can sit. (D.E. 20, p. 2.) While it is true that the examining doctor for the Social Security Administration, Dr. Rodriguez, testified that Plaintiff could sit, he did not state how long. Tr. 196. Indeed, some evidence suggests that Plainitff had particular difficulty sitting. In 2006, Dr. Seger noted there were "medial laxity patterns" in Plaintiff's knees on sitting. Tr. 180. Plaintiff testified that she could not sit for too long because she cannot bend her knees for long periods. (D.E. 20, p. 2.) The ALJ should have developed the record more as to the functionality of Ms. Mercer's knees. Accordingly, there was not substantial evidence to support the conclusion that Plaintiff could sit down for six hours. This issue is remanded to the ALJ to further develop the record.

   4. **There is Not Substantial Evidence Supporting the ALJ's Determination that Plaintiff Can Occasionally Climb Stairs or Ramps, Stoop, Kneel and Crouch.**

Plaintiff also objects to page 26 to 27 of the Memorandum and Recommendation where it find's that there is substantial evidence supporting the conclusion that Plaintiff can occasionally climb stairs or ramps, stoop, kneel and crouch. (D.E. 20, p. 3.) In fact, Dr. Seger 2006 physical examination of Ms. Mercer revealed that she was "unable to toe, heel walk or squat." Tr. 180-81. The information sheets Plaintiff provided Dr. Seger also indicate that she was unable to squat or kneel and that she had difficulty with stairs. Tr. 172. Indeed, even Dr. Rodriguez, the examining doctor for the Social Security Administration, notes that Plaintiff had problems with

squatting due to pain and weakness in her knees. Tr. 196. Accordingly, there is not substantial evidence to support the conclusion that Plaintiff can occasionally climb stairs or ramps, stoop, kneel and crouch. This issue is remanded to the ALJ to further develop the record.

Accordingly, the Court hereby ADOPTS, as its own, the findings and conclusions of the Magistrate's Memorandum and Recommendation *except* for:

(1) the finding that "[a]t the time of the hearing, [Plaintiff] was not taking any prescription medications; only over-the-counter drugs," (D.E. 19, p. 6)

(2) the incomplete findings regarding the X-ray of Plaintiff's knee, (D.E. 19, p. 2)

(3) the conclusion that there is substantial evidence showing Plaintiff can sit down for six hours, (D.E. 19, p. 26) and

(4) the conclusion that there is substantial evidence showing that Plaintiff can occasionally climb stairs or ramps, stoop, kneel and crouch (D.E. 19, p. 26-27).

SIGNED and ORDERED this 23rd day of August, 2010.

_____
Janis Graham Jack
United States District Judge