IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PAULA BOLIN MERCER | § | |
| | § | |
| v. | § | C.A. NO. C-10-007 |
| | § | |
| MICHAEL ASTRUE | § | |

**MEMORANDUM AND RECOMMENDATION**
**ON PLAINTIFF'S MOTION FOR ATTORNEY FEES**

Plaintiff Paula Mercer prevailed in this lawsuit in which a decision of the Commissioner of the Social Security Administration was vacated and remanded to the Commissioner for further development of the record.  (D.E. 19, 23, 24).  She now seeks an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA").  (D.E. 25).  The Commissioner filed a response to plaintiff's motion that the defendant does not oppose plaintiff's requested award of attorney fees.[1]  (D.E. 27).  For the reasons stated herein, it is respectfully recommended that plaintiff's motion for attorney fees pursuant to the EAJA be granted.

## I.  PROCEDURAL BACKGROUND

On December 1, 2006, at the age of fifty-two, plaintiff filed an application

---

[1] The Commissioner objects only on the ground that plaintiff's proposed order directs attorney's fees to both plaintiff individually and to her counsel, in conflict with the Supreme Court's recent ruling that EAJA fees should be paid only to plaintiffs personally.  (D.E. 27, at 1; D.E. 25-5); see also Astrue v. Ratliff, __ U.S. __, 130 S. Ct. 2521, 2522 (2010) (holding that EAJA fees are awarded payable to plaintiff as opposed to counsel).

for a period of disability and disability insurance benefits. Tr. 102, 167. Initial review by the Social Security Administration concluded that she was not disabled, and her application was denied on March 27, 2007. Tr. 58. She filed an appeal, which was similarly denied on July 27, 2007. Tr. 67. She requested a hearing before an administrative law judge ("ALJ") to review her application. Tr. 74-75. After an October 14, 2008 hearing, the ALJ issued a decision on December 8, 2008, again denying plaintiff's application based on the finding that she was not disabled. Tr. 9-17.

On May 18, 2009, plaintiff filed this action. (D.E. 2). On March 25, 2010, the Commissioner filed a motion for summary judgment, (D.E. 14), with a brief in support. (D.E. 15). On March 29, 2010, plaintiff filed a motion for summary judgment with a brief in support. (D.E. 16). On April 16, 2010, the Commissioner filed a reply to plaintiff's motion for summary judgment. (D.E. 17). On April 26, 2010, plaintiff filed a reply to the Commissioner's motion for summary judgment. (D.E. 18).

On August 23, 2010, plaintiff's motion for summary judgment was granted, and the case was remanded to the Social Security Administration. (D.E. 23). On August 24, 2010, final judgment was entered. (D.E. 24). The Commissioner did not appeal.

## II.  PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff asserts the following claims:

1. Plaintiff is the prevailing party in this action;

2. The Commissioner's decision denying plaintiff benefits was not substantially justified;

3. There are no special circumstances that would make an award unjust;

4. The fee application was timely filed;

5. Plaintiff's attorney worked 43.6 hours on this matter; this time was reasonable and necessary to the prosecution of plaintiff's case;

6. The hourly rates for an attorney pursuant to the EAJA sought are $166.38 and $170.00; and

7. Plaintiff is entitled to an award of attorney fees, costs, and expenses pursuant to the EAJA.

## III.  DISCUSSION

**A.    The Award Of Attorney Fees Pursuant To The EAJA.**

A party is entitled to recover attorney fees pursuant to the EAJA if four requirements are met: (1) she is the prevailing party, (2) she files a timely fee application, (3) the position of the government was not substantially justified, and (4) no special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A); Squires-Allman v. Callahan, 117 F.3d 918, 920 n.1 (5th Cir. 1997); Milton v. Shalala, 17 F.3d 812, 813 n.1 (5th Cir. 1994).

1.     **Plaintiff Was The Prevailing Party.**

The Fifth Circuit has explained that "[a] party prevails by succeeding on "'any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.'" Squires-Allman, 117 F.3d at 920 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). In this action, plaintiff challenged the ALJ's decision because it was not supported by substantial evidence and did not comport with the appropriate legal standards. She requested that the Court enter a finding of disability on her behalf. (D.E. 2, 16, 17). The Court remanded the case for further consideration in accordance with the law, thus satisfying plaintiff's objective in bringing her action. (D.E. 23, 24).

Plaintiff succeeded in having her claim remanded to the Commissioner for reconsideration. As such, it is respectfully recommended that plaintiff is a prevailing party within the meaning of the EAJA. See Squires-Allman, 117 F.3d at 920 n.2 (citing Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993)).

2.     **Plaintiff Filed A Timely Fee Application.**

A prevailing party must submit an application for fees and expenses "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). For purposes of the EAJA, final judgment is defined as "a judgment that is final and not appealable...." 28 U.S.C. § 2412(d)(2)(G).

The EAJA's thirty-day time limit runs from the end of the period for appeal. See Schaefer, 509 U.S. at 298. When the Commissioner does not file an appeal within the sixty-day period for appeal, as in this case, an applicant seeking attorney fees pursuant to the EAJA has thirty days after the sixty-day period for an appeal to be filed has run to submit her application. 28 U.S.C. § 2412(d)(1)(B).

In this case, final judgment was entered on August 24, 2010. (D.E. 24). Because the Commissioner did not file a notice of appeal, the motion for attorney fees was due by November 22, 2010. Therefore, it is respectfully recommended that plaintiff's motion for award of attorney fees, filed on November 22, 2010, is timely.

**3.    The Commissioner's Opinion Was Not Substantially Justified.**

In order for plaintiff to collect attorney fees, the Commissioner's position in denying plaintiff's benefits must not have been "substantially justified." See 28 U.S.C. § 2412(d)(1)(A). This determination is made "on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and expenses are sought." 28 U.S.C. § 2412(d)(1)(B).

The Supreme Court discussed the meaning of "substantially justified" in Pierce v. Underwood, 487 U.S. 552 (1988), explaining that the statutory phrase

"substantially justified" means "justified to a degree that could satisfy a reasonable person." Id. at 565. To be substantially justified, the Commissioner's case must have a reasonable basis both in law and in fact. Id. at 566 n.2. It is "more than merely undeserving of sanctions for frivolousness," id. at 566, but less than "clearly and convincingly justified." Id. at 568.

The award of attorney fees is not granted automatically every time the government loses. See Houston Agric. Credit Corp. v. United States, 736 F.2d 233, 236 (5th Cir. 1984) (citation omitted). The reversal of agency action is not the functional equivalent of an unreasonable position pursuant to the EAJA. Spawn v. W. Bank-Westheimer, 989 F.2d 830, 840 (5th Cir. 1993) (citations omitted). The government does, however, have the burden of establishing that its position was substantially justified. Griffon v. U.S. Dep't of Health & Human Servs., 832 F.2d 51, 52 (5th Cir. 1987) (per curiam). The Fifth Circuit has held that the government's position was substantially justified: (1) where the government relied on a regulation that was later invalidated; (2) where the government relied on case precedent later set aside; or (3) where new evidence, not available at the administrative level, became available at trial. See, e.g., Spawn, 989 F.2d at 840 (relied on a regulation which was later invalidated); Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1297 (5th Cir. 1994) (relied on case precedent later set aside); Hallman

v. INS, 879 F.2d 1244, 1246-47 (5th Cir. 1989) (per curiam) (relied on new evidence, not available at the administrative level). In these cases, the Fifth Circuit did not allow attorney fees to be recovered by the prevailing party even though the government had lost.

The Fifth Circuit has determined that "[a]s a general proposition ... if the case lacks substantial evidence, and does not turn on mere evidentiary ambiguities or involve novel legal principles, 'the absence of support for the Secretary's decision ... is at once an absence of justification for her position.'" Baker v. Bowen, 839 F.2d 1075, 1081 (5th Cir. 1988) (quoting Herron v. Bowen, 788 F.2d 1127, 1132 (5th Cir. 1986) (per curiam)). Here, the Court found the ALJ lacked sufficient evidence to find that plaintiff was not disabled.

Therefore, it is respectfully recommended that the Court find that the Commissioner's position in this case was not substantially justified.

### 4. There Are No Special Circumstances.

The EAJA disqualifies an applicant from an award of fees if the Court finds that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). It is the government's burden to prove special circumstances exist that make an award unjust. Baker, 839 F.2d at 1080 (citations omitted). The Commissioner does not object to plaintiff's motion for attorney fees. (D.E. 27).

It is respectfully recommended that the Court find plaintiff has shown that she is the prevailing party, the EAJA application was timely filed, the Commissioner's denial of benefits was not substantially justified, and there are no special circumstances that would render the award of attorney fees unjust. It is further respectfully recommended that the Court find that plaintiff's motion for attorney fees is properly maintained pursuant to the EAJA.

**B.    The Analysis Of The Reasonableness Of Plaintiff's Attorney Fees.**

The Court must next determine whether the hours claimed by plaintiff's attorney are reasonable, or excessive. See Hall v. Shalala, 50 F.3d 367, 368 (5th Cir. 1995) (district court's determination of attorney's fees reviewed for abuse of discretion). Attorneys submitting a fee request pursuant to the EAJA "are required to exercise billing judgment." Walker v. U.S. Dep't of Hous. & Urban Dev., 99 F.3d 761, 769 (5th Cir. 1996) (citation omitted). The Fifth Circuit has stated that "[t]he district court is required to determine 'whether particular hours claimed were reasonably expended.'" Id. at 768 (citation omitted).

According to the fee application, plaintiff's counsel spent a total of 43.60 hours on the case. (D.E. 25, at 2). This time was spent advancing plaintiff's appeal by researching the relevant issues and preparing her motion for summary judgment. The results obtained were desirable.

The hours submitted by plaintiff's counsel furthered her case. Accordingly, it is respectfully recommended that the Court find that the 43.60 hours spent on this case by plaintiff's attorney be found to be reasonable and necessary.

**1.     Reimbursable Amount Of Attorney Fees.**

The EAJA provides that attorney fees shall not be awarded in excess of $125 per hour, unless it is determined that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The Fifth Circuit has concluded that while the statute clearly provides for cost of living adjustments, it does not require such adjustments. Baker, 839 F.2d at 1084. "Except in unusual circumstances, therefore, if there is a significant difference in the cost of living since [1996] in a particular locale that would justify an increase in the fee, then an increase should be granted." Id. The Consumer Price Index ("CPI"), as furnished by the Bureau of Labor Statistics, has been used to determine the appropriate amount for cost of living increases pursuant to EAJA. See Bode v. United States, 919 F.2d 1044, 1053 n.8 (5th Cir. 1990) (per curiam) (district court's use of CPI for purpose of determining EAJA adjusted attorney fee rate was appropriate).

The Fifth Circuit has held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered." Perales v. Casillas, 950 F.2d 1066, 1076 (5th Cir. 1992). Therefore,

EAJA fees must be adjusted yearly. To do otherwise "in effect award[s] interest for the ... delay in payment" and "is a prohibited award of interest against the United States." Id. at 1076-77.

### 2.     The Calculation Of Plaintiff's Attorney Fees.

Plaintiff's attorney reasonably worked a total of 43.60 hours on this action with 9.30 hours worked in 2009 and 34.30 hours worked in 2010. Counsel calculates the cost of living adjustment pursuant to the EAJA to be $166.38 for 2009[2] and $170.00 for 2010.[3] These hourly rates correctly reflect the cost of living adjustment for the years 2009 and 2010, and it is respectfully recommended that the Court calculate the EAJA award according to this adjusted rate for hours worked in this action. Pursuant to this adjusted rate, the attorney fees for hours worked in 2009 are calculated as 9.30 hours multiplied by $166.38, which equals

---

[2] To calculate the appropriate cost of living adjustment, plaintiff compares the CPI-U for March 1996, the year in which the $125.00 EAJA rate became effective, with the CPI-U for 2009, 143.10 and 190.495 respectively, to find that the rate has increased 33.12 percent. (190.495 minus 143.10 = 47.395; 47.395 divided by 143.10 = 33.12 percent). A 33.12 percent increase equals $166.38 per hour. (D.E. 25-3, at 3).

[3] To calculate the appropriate cost of living adjustment, plaintiff compares the CPI-U for March 1996, the year in which the $125.00 EAJA rate became effective, with the CPI-U for June 2010, 143.10 and 194.738 respectively, to find that the rate has increased 36.085 percent. (194.738 minus 143.10 = 51.638; 51.638 divided by 143.10 = 36.085 percent). A 36.085 percent increase equals $170 per hour. (D.E. 25-3, at 3).

$1,547.33.[4]  Additionally, pursuant to this adjusted rate, the attorney fees for hours worked in 2010 are calculated as 34.30 hours multiplied by $170.00, which equals $5,831.00.

It is respectfully recommended that the Court find that plaintiff is entitled to attorney fees in the amount of $7,378.33.

**C.    Plaintiff's Expenses.**

The EAJA authorizes a prevailing party to recover reasonable expenses incurred prosecuting a civil action against the United States.  See 28 U.S.C. § 2412(b).  Section 2412(d)(1)(A) provides that "a court shall award to a prevailing party other than the United States <u>fees and other expenses,</u> in addition to any costs awarded pursuant to subsection (a)," to a party who successfully sues the federal government.  28 U.S.C. § 2412(d)(1)(A) (emphasis added).  Expenses are "'those reasonable and necessary expenses of an attorney incurred or paid in preparation for trial of the specific case before the court, which expenses are those customarily charged to the client where the case is tried.'"  <u>Kelly v. Bowen</u>, 862 F.2d 1333, 1335 (8th Cir. 1988) (citing <u>Oliveira v. United States</u>, 827 F.2d 735, 744 (Fed. Cir. 1987)).  The term "other expenses" has been found to include various items, such

---

[4] Plaintiff has committed a slight miscalculation or typographical error in finding the product of 9.30 and 166.38 to equal 1546.33 rather than 1547.33.  (D.E. 25-2, at 3).  The sum has been adjusted accordingly.

as postage and courier, telephone, electronic research, and attorney travel expenses. Id.

Based on her attorney's summary of expenses, plaintiff seeks expenses of $50.89, which include $21.09 for postage, $21.00 for copying costs, and $4.50 for long-distance telephone calls and faxes. (D.E. 25-3, at 4). Defendant does not object to plaintiff's request for expenses. Moreover, the enumerated expenses appear reasonable, but the calculation is incorrect. Based on the foregoing analysis, it is respectfully recommended that the Court grant plaintiff's request for expenses in the amount of $50.89.[5]

## IV. RECOMMENDATION

It is respectfully recommended that plaintiff is entitled to an award of attorney fees pursuant to the EAJA because she is the prevailing party, the Commissioner's position was not substantially justified, and there are no special circumstances that make an award unjust. It is further respectfully recommended that the Court find that 43.60 billable hours expended on this case by plaintiff's counsel were reasonable and necessary. Finally, it is respectfully recommended that the Court find that plaintiff is entitled to reimbursement of costs and expenses.

---

[5] Plaintiff has committed a slight miscalculation or typographical error in calculating the total for copy costs. (D.E. 25-2). The correct total is $25.30.

Accordingly, it is respectfully recommended that plaintiff's motion for attorney fees, costs, and expenses be granted, and that plaintiff be awarded $7,378.33 in attorney fees and $50.89 in costs and expenses.

Respectfully submitted this 7th day of December 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).